UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No. 10-183 |
| | ) (Judge Rambo ) |
| v. | ) |
| DAVID RICHARD DODD, II | ) |

**INDICTMENT**

FILED
HARRISBURG, PA

JUN - 9 2010

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

THE GRAND JURY CHARGES THAT:

## COUNT I

Beginning on or about February 11, 2005, up to and including December 8, 2009, in Harrisburg, Dauphin County, Pennsylvania, within the Middle District of Pennsylvania, and elsewhere, the defendant,

**DAVID RICHARD DODD, II,**

did willfully and knowingly steal, purloin and convert to his own use, property of the United States, that is, funds in excess of $1,000,000.00 belonging to United States Department of Housing and Urban Development (HUD).

All in violation of Title 18, United States Code, Section 641.

**THE GRAND JURY FURTHER CHARGES THAT:**

## COUNT II

1. At all times material to this count of the Indictment:

    A. Industrial Design and Construction, Inc. (IDC) was an organization that received, in any one year period, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of federal assistance.

    B. Defendant, **DAVID RICHARD DODD, II**, was an agent of IDC in that the defendant directed the creation of IDC and was authorized to act on behalf of IDC as a partner, director, officer, manager, employee and representative.

2. From on or about February 11, 2005, up to and including December 8, 2009, in Harrisburg, Dauphin County, PA, within the Middle District of Pennsylvania, and elsewhere, defendant, **DAVID RICHARD DODD, II**, did intentionally misapply, embezzle, steal, obtain by fraud and otherwise without authority, convert to the use of himself, a person other than the rightful owner, property valued at $5,000 or more that was under the care, custody and control of IDC, that is $1,101,469.24 of funds provided to IDC by the County of Dauphin and the City of Harrisburg through the United States Department of Housing and Urban Development.

All in violation of Title 18, United States Code, Section 666(a)(1)(A).

**THE GRAND JURY FURTHER CHARGES THAT**:

## COUNT III

From on or about September 26, 2005, up to and including August 6, 2007, in Harrisburg, Dauphin County, Pennsylvania, within the Middle District of Pennsylvania, and elsewhere, the defendant,

## DAVID RICHARD DODD, II,

did willfully and knowingly steal on purloin and convert to his own use, property of the United States, that is, funds in the amount of $147,868.00 of property in the United States, namely funds provided by United States Department of Health and Human Services to the Community Action Commission (CAC) in that the defendant received the aforementioned federal funds by billing both the Capital Region Economic Development Corporation (CREDC) and CAC for the same expense related to the Capital View Commerce Center.

All in violation of Title 18, United States Code, Section 641.

**THE GRAND JURY FURTHER CHARGES THAT:**

<u>COUNT IV</u>

1. At all times material to this count of the Indictment:

   A. Advanced Communications Agency was an organization that, in a one-year period, received benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of federal assistance.

   B. The defendant, **DAVID RICHARD DODD, II**, was an agent of Advanced Communications Agency in that the defendant was a person authorized to act on behalf of Advanced Communications Agency as an employee, partner, director, officer, manager, and representative.

2. From on or about September 26, 2005, up to and including August 6, 2007, in Harrisburg, Dauphin County, Pennsylvania, within the Middle District of Pennsylvania, the defendant, who was not the rightful owner, intentionally misapplied and knowingly embezzled, stole, obtained by fraud, and otherwise without authority, converted to his own use property valued at $5,000 or more, that was under the care, custody, and control of Advanced Communications Agency, that is, $147,868.00 of funds provided to Advanced Communications Agency by the Community Action Commission (CAC) which received its funding from United States Department of Health and Human Services.

   All in violation of Title 18, United States Code, Section 666(a)(1)(A).

**THE GRAND JURY FURTHER CHARGES THAT:**

## COUNT V

From on or about January 18, 2008, up to and including September 30, 2008, in Harrisburg, Dauphin County, Pennsylvania, within the Middle District of Pennsylvania, and elsewhere, the defendant,

**DAVID RICHARD DODD, II,**

willfully and knowingly did steal, purloin and convert to his own use approximately $860,454.72 which was property of the United States Department of Housing and Urban Development (HUD), said funds provided to the defendant by HUD though the City of Harrisburg and the County of Dauphin to pay contractors for work on the Capital View Commerce Center but which the defendant did not pay to said contractors and converted to his own use.

All in violation of Title 18, United States Code, Section 641.

**THE GRAND JURY FURTHER CHARGES THAT:**

## COUNT VI

1. At all times material to this count of the Indictment:

    A. Cameron Real Estate, LP, was an organization that received in any one year period benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of federal assistance.

    B. Defendant, **DAVID RICHARD DODD, II**, was an agent of Cameron Real Estate, LP, in that the defendant was authorized to act on behalf of Cameron Real Estate, LP as an employee, partner, director, officer, manager and representative of same.

2. From on or about January 18, 2008, up to and including September 30, 2008, in Harrisburg, Dauphin County, PA, within the Middle District of Pennsylvania, and elsewhere, the defendant, who was not the rightful owner, intentionally misapplied and knowingly embezzled, stole, obtained by fraud and otherwise without authority converted to his own use approximately $860,454.72 of funds belonging to the United States Department of Housing and Urban Development and paid to Cameron Real Estate, LP through the County of Dauphin and the City of Harrisburg which was to be paid by the defendant to contractors for work performed on the Capital View Commerce Center project.

All in violation of Title 18, United States Code, Section 666(a)(1)(A).

**THE GRAND JURY FURTHER CHARGES THAT:**

## COUNT VII

From on or about November 9, 2007, up to and including August 11, 2009, in Harrisburg, Dauphin County, Pennsylvania, within the Middle District of Pennsylvania, and elsewhere, the defendant,

**DAVID RICHARD DODD, II,**

knowing that the properly involved in a financial transaction represented the proceeds of some form of unlawful activity, conducted and attempted to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, theft, in violation of 18 U.S.C. §§ 641 and 666, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, the ownership, and the control of the proceeds of specified unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(I) and Section 2.

**THE GRAND JURY FURTHER CHARGES THAT:**

## COUNT VIII

On or about April 18, 2008 in Harrisburg, Dauphin County, Pennsylvania, within the Middle District of Pennsylvania, and elsewhere, the defendant,

**DAVID RICHARD DODD, II,**

knowing that property involved in a financial transaction represented the proceeds of some form of unlawful activity, conducted and attempted to conduct a financial transaction which in fact involved the proceeds of specified unlawful activity, that is, theft of public funds, in violation of 18 U.S.C. §§ 641 and 666, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity as described herein.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(I) and Section 2.

**THE GRAND JURY FURTHER CHARGES THAT:**

## COUNT IX

On or about December 24, 2008, in the Middle District of Pennsylvania, the defendant,

**DAVID RICHARD DODD, II,**

did knowingly make a material false statement for the purpose of influencing the action of Countrywide Bank, FSB, an institution the accounts of which are insured by the Federal Deposit Insurance Corporation and which is a mortgage lending business, in connection with the refinancing of the defendant's mortgage on his residence at 1110 Tunbridge Lane, Mechanicsburg, PA, in that the defendant did not disclose the asset or the existence of a mortgage with PNC Bank on the defendant's property at 3000 Canby Street, Harrisburg, PA when signing the "Uniform Residential Loan Application." The defendant signed a "Borrower's Certification and Authorization" certifying that he made no misrepresentations on the loan application and that he did not omit any pertinent information when in truth and in fact, the defendant knew the property at 3000 Canby Street had a mortgage liability of at least $740,000 with PNC Bank.

All in violation of Title 18, United States Code, Section 1014.

**THE GRAND JURY FURTHER CHARGES THAT**:

## COUNT X

On or about December 12, 2007, in Harrisburg, Dauphin County, Pennsylvania, within the Middle District of Pennsylvania, and elsewhere, the defendant,

**DAVID RICHARD DODD, II**,

knowingly executed a scheme and artifice to defraud and to obtain moneys, funds, assets and other property owned by and under the care, custody and control of Commerce Bank, a financial institution as defined in 18 U.S.C. § 20, by means of false and fraudulent pretenses, in that the defendant submitted a loan draw request to Commerce Bank in connection with the Capitol View Commerce Center (CVCC) project which included a request for $300,000.00 in costs associated with Industrial Design and Construction, Inc. (IDC) knowing that IDC had already been paid in full by Dauphin County approximately six months earlier in June, 2007. The defendant submitted to Commerce Bank the same Application and Certificate for Payment that he submitted to Dauphin County to pay IDC in June of 2007. As a result of the scheme or artifice described herein the defendant obtained $300,000.00 from Commerce Bank to which it was not entitled.

All in violation of Title 18, United States Code, Section 1344.

**THE GRAND JURY FURTHER CHARGES THAT:**

**COUNT XI**

1. The allegations contained in Counts I through X of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(1).

2. Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956 or 1957, the defendant, DAVID RICHARD DODD, II, shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

    a. Proceeds from the Wells Fargo Advisors brokerage account number 7002-3046 - in the name of Industrial Design & Construction Inc./Clifton R. Guise, Esq., in the amount of $247,832.89.

    b. Proceeds from the Wells Fargo Advisors brokerage account number 7005-8828 - in the name of Industrial Design & Const. Masters/Goldman Sachs in the amount of $92,757.87.

    c. Proceeds from the Wells Fargo Advisors brokerage account number 7005-8856 - in the name of Industrial Design & Const. Masters/Oak Ridge in the amount of $119,485.82.

   d.  Proceeds from the Wells Fargo Advisors brokerage account number 7013-0385 - in the name of Industrial Design & Construction Inc./Clifton R. Guise, Esq., SA in the amount of $6,481.00.

   e.  Proceeds from the Wells Fargo Advisors brokerage account number 7013-0409 - in the name of Industrial Design & Constr. Inc./Clifton R. Guise Master/Neuberger in the amount of $84,443.24.

   f.  Proceeds from the Wells Fargo Advisors brokerage account number 7013-0428 - in the name of Industrial Design & Construction Inc./Clifton R. Guise, Esq., in the amount of $600,036.61.

   g.  United States currency seized from the residence of David R. Dodd II and Laura LaMorte in the amount of $16,510.00.

   h.  2008 BMW, Model X5, VIN: 5UXFE43518L023080.

   I.  2008 Mercedes Benz, Model E350W4, VIN: WDBUF87X58B331432.

  3. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18,

United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

                                              A TRUE BILL

                                              6/9/10
                                          DATE

DENNIS C. PFANNENSCHMIDT
UNITED STATES ATTORNEY